IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Amen Okon,** individually and as next friend of P.M., a minor<br><br>**Plaintiff,**<br><br>v.<br><br>**Abbott Laboratories Inc., et al.,**<br><br>**Defendant.** | Case No. 3:19-cv-00276-NJR<br><br>FILED UNDER SEAL |

### SEALED ORDER APPROVING SETTLEMENT

Amen Oken, as next friend of Plaintiff Purity McNabb (P.M.) ("Plaintiff"), a minor, (collectively "Movant"), moved this Court by and through counsel to approve the settlement of this case (the "Motion"). The Court, having considered the Motion, supporting evidence and documentation, and having considered the record, finds as follows:

1. Movant brought this claim against Defendants Abbott Laboratories and AbbVie Inc. on behalf of Plaintiff for injuries and damages allegedly sustained as a result of Plaintiff's *in utero* exposure to Depakote. Defendants have defended and contested this claim, and have denied any and all liability for the injuries and damages alleged.

2. The parties have agreed to compromise and settle this cause of action for the total consideration, which the parties have agreed to keep confidential, that is set forth in **Exhibit A** to the Motion.

3. On June 12, 2018, this Court approved creation of, and assumed jurisdiction over, the Zoll Qualified Settlement Fund ("QSF"), the fund into which Defendants have deposited or shall deposit the settlement consideration, and from which disbursement of funds pursuant to this

Order will be made. The QSF Administrator is hereby authorized and directed to make all of the disbursements specified in this Order.

4. The Motion and exhibits establish that Movant has been fully informed by counsel with respect to the liability facts, the disputed nature of the causes of action, the nature and extent of the damages claimed, attorneys' fees and expenses, the settlement structure and plan for distribution of the settlement proceeds, and any potential lien consequences of settlement. Movant submits that this settlement is fair, reasonable and in the best interests of Plaintiff. Movant has signed a release and understands that the Defendants will be forever released from any and all liability, derivative or otherwise, in connection with any and all of the claims, injuries and damages alleged.

5. On June 12, 2018, this Court appointed Dennis Sheehan as Guardian ad Litem to represent the interests of Plaintiff. Mr. Sheehan has reviewed the details of this case, and the terms of settlement and disbursement, and has spoken with Movant and discussed the details of this settlement. As set forth in his report, Mr. Sheehan recommends the approval of this settlement and submits that the settlement is reasonable, fair and just and in the best interests of Plaintiff. The Court agrees.

6. Movant employed counsel to pursue this claim on behalf of Plaintiff pursuant to a contract which provides for the payment of attorneys' fees and expenses, as set forth in **Exhibit A** to the Motion. The Court approves payment of those fees and expenses in connection with its approval of this settlement and finds that those fees and expenses are fair and reasonable under the circumstances. The Court also approves the Guardian ad Litem fees and the settlement-related expenses set forth in **Exhibit A** to the Motion and finds that those fees and expenses are fair and reasonable under the circumstances.

7. The portion of the settlement award subject to any liens identified in **Exhibit A** to the Motion shall be disbursed to the lien holder(s). If a lien is not final, a portion of the settlement will be held back to satisfy those liens as indicated on **Exhibit A** to the Motion. Once the lien(s) is/are final, the final amount will be paid to the lien holder, and the balance shall be distributed on behalf of Plaintiff as indicated on **Exhibit A** to the Motion, without further Order of the Court. Likewise, once any final additional general expense amounts have been calculated, if any, such additional general expense amounts shall be reimbursed to the attorneys from the expense holdback, and the balance shall be distributed on behalf of Plaintiff as indicated on **Exhibit A** to the Motion, without further Order of the Court.

8. The allocation of settlement proceeds on behalf of Plaintiff as set forth on **Exhibit A** to the Motion is fair and reasonable and is hereby approved. The amount allocated to Plaintiff shall be distributed and paid into an ABLE account. Documentation of the disbursement vehicle is attached as **Exhibit C** to the Motion. If the proceeds are distributed to a Special Needs Trust, the Special Needs Trust is hereby approved and established so that it qualifies as a special needs trust for a person with a disability pursuant to 42 U.S.C. § 1396p(d)(4)(A), and it is deemed required in order to maintain Plaintiff's eligibility for public benefits. The Trustee shall not be required to post bond or surety in this or any other jurisdiction. The Qualified Settlement Fund Administrator is ordered to pay the lump sum to fund the Trust directly to the Trustee of the Trust, the lump sum to fund the Structured Settlement directly to the Assignee/Annuity Issuer, or the lump sum directly to the ABLE account.

9. The Court finds that the agreement to compromise and settle all claims, demands, and causes of action against the Defendants is reasonable, fair, and just, and is in the best interests of the Plaintiff. The Court therefore approves the settlement and approves and directs

disbursement of the settlement funds by the QSF Administrator specifically as set forth in **Exhibit A** to the Motion.

10. The Court further finds that Movant is the appropriate next friend in this matter and has pursued this lawsuit and settlement on behalf of Plaintiff and that no other biological parent or potential derivative claimant has any claim relating to Plaintiff's injuries or damages, has brought any such potential claim, or has any individual or derivative right to any proceeds from this settlement.

11. The Court further finds that there is a specific, serious, and substantial interest in sealing the amount of the settlement and other settlement-related documents that clearly outweighs the presumption of openness, any probable adverse effect that sealing will have upon the general public health or safety, and that there is no less restrictive means than sealing that will adequately and effectively protect the interests asserted. In particular, the Court finds that sealing of the settlement amount is necessary to protect the privacy interest of the minor claimant and family, and to protect them from people who might try to take advantage of their financial situation. The public is aware of the allegations brought against the Defendants and does not need to know the amount of settlement. Accordingly, the Court Orders that this Order, the Motion and all Exhibits attached to the Motion are to remain sealed.

12. This case, and all claims and causes of action asserted therein, is **DISMISSED WITH PREJUDICE**, with each party to bear its own costs and attorneys' fees.

**IT IS SO ORDERED.**

**DATED:  July 15, 2019**

*s/Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

4